IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CV-193-FL

| | |
|---|---|
| SUSAN E. GLYNN, Administrator of the Estate of Linda P. Grimshaw a/k/a Linda Pinkerton Grimshaw,<br><br>                Plaintiff,<br><br>   v.<br><br>SAVASENIORCARE CONSULTING, LLC, and GREENVILLE OPERATING COMPANY, LLC, d/b/a MacGregor Downs Health & Rehabilitation Center,<br><br>                Defendants. | ORDER |

This matter is before the court on motion to compel arbitration and stay proceedings (DE 12) filed by defendant Greenville Operating Company, LLC ("Greenville" or "MacGregor Downs")[1] and plaintiff's motion to remand (DE 19). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, plaintiff's motion to remand is denied and defendant Greenville's motion to compel arbitration and stay proceedings is granted.

## STATEMENT OF THE CASE

Plaintiff, as administrator of the estate of Linda L. Grimshaw ("Grimshaw"), commenced this action in Pitt County Superior Court on August 27, 2020, asserting claims for medical malpractice, negligence, gross negligence, and wrongful death, arising from the care provided to

---

[1] Defendant SavaSeniorCare Consulting, LLC ("SavaSeniorCare") joins defendant Greenville's motion to compel arbitration and stay proceedings, pursuant to notice filed October 19, 2020.

Grimshaw while she was resident at defendant MacGregor Downs.  Plaintiff seeks damages, costs, interest, and jury trial.

Defendants filed a notice of removal in this court on October 14, 2020, asserting diversity jurisdiction and relying upon affidavits of Wynn G. Sims ("Sims"), vice president and secretary of defendants Greenville and SavaSeniorCare.  Shortly thereafter, defendant Greenville filed the instant motion to compel arbitration and stay proceedings, relying upon a Dispute Resolution Program Agreement attached to the motion.  Pursuant to notice filed October 19, 2020, defendant SavaSeniorCare joins defendant Greenville's motion to compel arbitration and stay proceedings.

On November 16, 2020, plaintiff filed the instant motion to remand for lack of subject matter jurisdiction, relying upon exhibits, including: 1) Certificate of Assumed Name and 2) North Carolina Secretary of State listing.  Defendant Greenville responded in opposition to plaintiff's motion, attaching affidavit of Sims and copies of cases and statutes.

**STATEMENT OF FACTS**

The facts alleged in plaintiff's complaint may be summarized as follows.  On February 21, 2019, Grimshaw, a resident at defendant MacGregor Downs, vomited while out on an excursion with her daughter Victoria. (Compl. (DE 1-1) ¶ 9).  Upon their return to defendant MacGregor Downs, Victoria informed staff that Grimshaw vomited, but the staff allegedly did not notify the doctor.  (Id.).  Over the next several days, Grimshaw coughed and experienced diarrhea.  (Id. ¶¶ 10-13).  Grimshaw's other daughter, Susan, informed the nurse and nursing staff of Grimshaw's worsening condition; however, the staff allegedly did not notify the doctor.  (Id.)

On February 26, 2019, Susan visited Grimshaw and noticed that Grimshaw's skin was pale and gray, dried vomit was on her shirt, and she sounded congested.  (Id. ¶ 14).  Grimshaw's roommate allegedly told Susan that they had called for help repeatedly but no one assisted them.

(Id.). Susan notified two nurses, the nursing manager, and a social worker of Grimshaw's condition, and requested that a doctor examine Grimshaw. (Id.). Despite their assurances, staff allegedly did not inform the doctor of Grimshaw's condition. (Id.).

Grimshaw's symptoms continued over the next several days, and Susan repeatedly requested an examination by the doctor. (Id. ¶¶ 15-17). On February 28, 2019, staff called the doctor, who was unavailable, and allegedly failed to pursue the matter further when the call was not returned. (Id. ¶ 18). On March 1, 2019, Grimshaw was taken to the hospital and diagnosed with septic shock, acute renal failure, and respiratory distress. (Id. ¶ 19). Grimshaw passed away later that day. (Id.).

## COURT'S DISCUSSION

A.  Motion to Remand

    1.  Standard of Review

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. "If federal jurisdiction is doubtful, a remand is necessary." Id.; see Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand") (quoting Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008)).

    2.  Analysis

Plaintiff argues that remand is required because diversity jurisdiction asserted upon removal is lacking and defendants' notice of removal failed to state grounds for removal. The court addresses both arguments, in turn.

a.  Diversity Jurisdiction

This court has diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). For purposes of this provision, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Additionally, "the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).

Here, it is undisputed that plaintiff is a citizen of North Carolina. (See Pl. Mem (DE 20) at 1); (Notice (DE 1-1) ¶ 3). Plaintiff argues that defendant Greenville is also a citizen of North Carolina because its principal place of business is located in Greenville, North Carolina, relying upon Hertz Corp. v. Friend, 559 U.S. 77 (2010). Under Hertz, a corporation's citizenship is determined, in part, by its principal place of business. 559 U.S. at 81 (emphasis added). However, defendant Greenville is a limited liability company, and a "limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004).

Thus, to determine defendant Greenville's citizenship, the court must look to the citizenship of its members. According to affidavit of Sims, defendant Greenville's vice president

4

and secretary, defendant Greenville is a Delaware limited liability company, and its sole member, North Carolina GL Holdco, LLC, is also a Delaware limited liability company. (Sims Affidavit (DE 1-2) ¶¶ 3-4). The sole member of North Carolina GL Holdco, LLC, is Redwood Equity Holdings, LLC, which is also a Delaware limited liability company. (Id. ¶¶ 5-6). Redwood Holdings Parent Holdco, LLC, is the sole member of Redwood Equity Holdings, LLC, and it is a Delaware limited liability company. (Id. ¶ 6). Likewise, the sole member of Redwood Holdings Parent Holdco, LLC, is defendant SavaSeniorCare, which is a Delaware limited liability company. (Id. ¶ 7). The sole member of defendant SavaSeniorCare is Proto Equity Holdings, LLC, which is also a Delaware limited liability company. (Id. ¶ 8). Finally, the sole member of Proto Equity Holdings, LLC is Terpax, Inc, which is a Delaware corporation with its principal place of business in Atlanta, Georgia. (Id. ¶¶ 9-10). In consideration of the foregoing, neither defendant Greenville's members, nor defendant SavaSeniorCare's members are citizens of North Carolina; therefore, neither defendant is a citizen of North Carolina, and there is complete diversity of citizenship between the parties, as required by 28 U.S.C. § 1332(a)(1).

Although not contested by plaintiff, the amount in controversy requirement is also satisfied. "Courts generally determine the amount in controversy by reference to the plaintiff's complaint." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (citing Wiggins v. N. Am. Equitable Life Assur. Co., 644 F.2d 1014, 1016 (4th Cir. 1981)). "If a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (citations omitted).

Here, rather than alleging a specific amount of damages, plaintiff seeks damages "excess of $25,000.00." (Compl. (1-1) ¶ 25). Defendants argue that the amount in controversy exceeds

5

$75,000.00 because plaintiff alleges she has "sustained and suffered great damages" and "plaintiff 'reserves the right to raise a constitutional challenge to N.C.G.S. § 90-21.19 if and when the jury returns a verdict for noneconomic damages in excess of the statutory cap' (of $500,000)." (Mem. (DE 23) at 5) (quoting Compl. (1-1) ¶¶ 7, 24). By referencing plaintiff's expectation of receiving over $500,000.00 in damages from this action, defendants have proved by the preponderance of the evidence that the amount in controversy exceeds $75,000.00.

In sum, where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the court has diversity jurisdiction over this action.

        b.      Notice of Removal

Next, plaintiff argues that remand is required because the notice of removal fails to contain a statement indicating the grounds for removal. Plaintiff's argument is unpersuasive. Defendants' notice of removal states that plaintiff is a citizen of North Carolina, (Notice (DE 1) ¶ 3), defendants are citizens of Delaware and Georgia, (id. ¶¶ 4-6), and "[a]s a result of the foregoing facts, there is complete diversity of citizenship between the parties as defined by 28 U.S.C. § 1332(a)(1)." (Id. ¶ 7). In addition, the notice references plaintiff's expectation of receiving over $500,000.00 in damages, and states that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, "[b]ased on the type and severity of the injuries alleged." (Id. ¶¶ 9-10). Finally, the notice states that "this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441." (Id. ¶ 10).

In light of the foregoing, defendants' notice of removal adequately states the grounds for removal, and plaintiff's motion to remand must be denied.

B.      Motion to Compel Arbitration and Stay Proceedings

Defendants move to compel arbitration and stay proceedings, arguing that Grimshaw signed a Dispute Resolution Program Agreement (hereinafter "the agreement") when she was admitted to defendant MacGregor Downs. The agreement provides a three-step dispute resolution process, involving: 1) initial review of the dispute by the Dispute Resolution Program Committee, 2) mediation, and 3) arbitration. (See Dispute Resolution Program Agreement (DE 12-1) at 4-5).

Section 3 of the Federal Arbitration Act ("FAA") provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Section 4 authorizes a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition [a] United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Section 4 provides that, when presented with such a motion, a court "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Id.

In reviewing a motion to compel arbitration, the "court accepts as true the allegations in the complaint that relate to the underlying dispute between the parties." Berkeley Cty. Sch. Dist. v. Hub Int'l Ltd., 944 F.3d 225, 233 (4th Cir. 2019) (quotations omitted). If, however, the "'making of the arbitration agreement be in issue,' then 'the court shall proceed summarily to the trial thereof.'" Id. (quoting 9 U.S.C. § 4). The court is obliged to conduct a trial only "when a party unequivocally denies 'that an arbitration agreement exists,' and 'show[s] sufficient facts in

7

support thereof," under a summary judgment standard. Id. (quoting Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 564 (4th Cir. 2015)).

When faced with a motion to compel arbitration, the court analyzes only two "gateway matter[s]." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2006). First, the court must determine whether "a valid agreement to arbitrate exists between the parties." Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999). Second, where the court concludes there is such an agreement, the court next asks whether "the specific dispute falls within the substantive scope of that agreement." Id.

Here, the "gateway matter[s]" are satisfied. Howsam, 537 U.S. at 83. First, the agreement is valid, where it is in writing and signed by Grimshaw. (See Dispute Resolution Program Agreement (DE 12-1) at 8). Moreover, the agreement specifically states that it binds Grimshaw's "legal representatives, including the personal representative or executor of [Grimshaw's] estate." (Id. at 3). The agreement also states that parties to the agreement include "the facility, any parent or subsidiary of the facility, any company affiliated with the facility." (Id.). Since defendant SavaSeniorCare is a company affiliated with defendant Greenville, (see Sims Affidavit (DE 1-2) ¶¶ 2-8), the agreement applies to defendant SavaSeniorCare as well. Plaintiff has not provided any reason to doubt the authenticity of the agreement, or otherwise responded in opposition to the instant motion to compel arbitration and stay proceedings.

Second, the scope of the agreement is clear and broad, stating that it covers "any claim or dispute totaling $50,000.00 individually or in the aggregate that would constitute a cause of action that either party could bring in a court of law." (Id.). Plaintiff's claims for wrongful death, negligence, gross negligence, and medical malpractice fall squarely within the scope of the agreement.

Therefore, having found that the parties entered into valid agreement to arbitrate, which encompasses plaintiff's claims asserted in this action, the court grants defendant Greenville's motion to compel arbitration and stay proceedings, which defendant SavaSeniorCare joins.

## CONCLUSION

Based on the foregoing, plaintiff's motion to remand (DE 19) is DENIED, and defendant Greenville's motion to compel arbitration and stay proceedings (DE 12), which defendant SavaSeniorCare joins, is GRANTED. This matter is STAYED until completion of the dispute resolution process as ordered herein and in subsequent orders of the court. The parties are DIRECTED to proceed through the dispute resolution process accordance with the terms of the agreement. (See DE 12-1). The parties shall file a status report with the court regarding the status of the dispute resolution process, every **180 days**, or upon completion of the dispute resolution process, whichever is sooner.

SO ORDERED, this the 28th day of January, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge